ARSENIO MARTÍNEZ CORTÉS, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, Respondent.

No. O-68-292.     Decided February 13, 1970.

*Julio Williams Andino* for petitioner. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

The instant case makes manifest the need for the committing magistrates to comply with the requirements of law for the valid determination of probable cause, for the issuance of a warrant of arrest and for the holding of a trial on the basis of a complaint, Rules 5 and 6 of the Rules of Criminal Procedure, as well as for an information. Rule 23.

In 1967 Rule 64 of the Rules of Criminal Procedure[1] was amended to provide specifically as ground to dismiss:

"(q)* That an information or complaint, or any count therein has been filed against defendant, without a magistrate having determined whether there was probable cause or his detention ordered to answer for the offense, according to law and right."

In the case at bar, as we shall see, the committing magistrate did not comply with the requirements established in Rule 5 for the determination of probable cause, which is a ground for dismissal pursuant to said subsection (q)* of Rule 64, *supra.*

Let us turn to the facts. Petitioner was charged with driving a motor vehicle under the influence of intoxicating liquor. Section 5-801 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1041. Before the trial he requested the dismissal of the complaint on the ground that the determination of probable cause was void because no witness having personal knowledge of the facts had been examined, as required by Rule 5 of the Rules

---

[1] Before the 1967 amendment the text of subsection (q)* of Rule 64 read:

"(q)* That the prosecuting attorney has filed an information or any count therein, charging a felony without a magistrate having first determined whether there was probable cause."

* EDITOR'S NOTE: (q)* corresponds to subsection (p) in the Spanish text.

* Id.

of Criminal Procedure.[2] The trial court held a hearing to consider the motion to dismiss on the merits. The prosecuting attorney accepted in said hearing that the only witness who appeared in the complaint, as examined by the committing magistrate to determine probable cause, did not have personal knowledge of the facts charged against petitioner. He introduced, however, the testimony of the committing magistrate and of the policeman who investigated the case to establish that other witnesses who had personal knowledge of the facts had been examined, although they did not appear to be mentioned in the complaint. The defense rebutted said evidence with the testimony of the same witnesses who appeared at the preliminary hearing. The trial judge did not give credit to the evidence of the prosecuting attorney nor to that of the defense stating:

". . . we do not know whether to believe the policeman or whether to believe witnesses Juan González Colón and María Elena Ramírez. Unfortunately Judge Zequeira, who could give us some light, is not present. The fact that the Judge did not comply with the provisions of Rule No. 5, not having been established beyond doubt, the court does not have any other alternative than to deny the motion to dismiss." Tr. Ev. p. 73.[3]

---

[2] Rule No. 5 provides:

"The complaint is a written statement signed and sworn charging one or several persons with the commission of an offense. Any person having personal knowledge of the facts which constitute the offense charged in the complaint shall have standing to be the complainant. The prosecutors and members of the State Police in all cases and other officers and public employees in cases related to the performance of their duties and functions, may, nevertheless, sign and swear to complaints when the facts constituting the offense are known to them by information or belief, but this kind of complaint shall serve as basis for the issuance of a warrant of arrest of summons and for the holding of a trial only when the magistrate shall have made the determination of probable cause required by Rule 6(a), *after having examined a witness with personal knowledge of the facts.*" (Italics ours.)

[3] Judge Zequeira, after rendering testimony, was excused by the Court and this is why the trial judge made the foregoing statement.

In essence, the trial court rested its decision on the legal presumption that the law has been obeyed, § 464, subsection 32 of the Code of Civil Procedure, 32 L.P.R.A. § 1887, disregarding the evidence introduced by the prosecuting attorney and of the defense because it did not deserve credit.

We are not dealing here with a simple question of credibility, matter in which we do not intervene or should not intervene, but with the application of a legal presumption to support a determination of probable cause whose efficacy was placed in doubt by the testimony of the same committing magistrate who determined it. Let us see:

■ The offense charged against petitioner contains two essential elements, the driving of the vehicle and defendant's state of intoxication at the time of driving it. Evidence of both elements, through the examination of witnesses who have personal knowledge of the facts is necessary for a valid determination of probable cause. Rules 5 and 6 of the Rules of Criminal Procedure. This is precisely the gist of the case. The trial judge determined that evidence of both elements had been introduced relying, not in the evidence introduced before him, which he disregarded since it did not deserve credit, but on the aforementioned legal presumption, which was duly controverted by the petitioner, as we shall see hereinafter.

In the complaint Francisco Pabón appears as the only witness examined by the committing magistrate for the determination of probable cause. It is an undisputed fact that this witness did not have personal knowledge of the facts charged against petitioner. The committing magistrate explained this error on the ground that he wrote the name of this witness "to gain time." Tr. Ev. p. 10.[4]

---

[4] This is not the only error which appears in the complaint. It is also incorrectly stated in said complaint that probable cause was determined in the absence of defendant, when actually he was present all the time at the preliminary hearing. Likewise the blank which appears on the back of the complaint where it is indicated that defendant was brought before the

■ The proof of these errors was sufficient to controvert the aforesaid presumption of law, depriving it of the character of presumptive truth, *Quiñones* v. *Quiñones*, 42 P.R.R. 297, 298 (1931). Consequently, it was incumbent upon the prosecuting attorney to establish that, irrespective of what the complaint stated, the requirements of law had been complied with, specifically with the requirement of Rules 5 and 6, *supra*, that the committing magistrate examined some witness with personal knowledge of the facts about both elements of the offense charged. It was thus understood by the prosecuting attorney, for he did not rely on the presumption, but introduced the testimony of the committing magistrate himself and of the policeman who investigated the facts to establish that, in addition to the policeman, the committing magistrate had examined other witnesses with personal knowledge of the facts. The trial court, as we have already indicated, did not give any credit to the testimony of the policeman, the record being barren of that proof to all effects. Neither did the trial judge give any credit to the evidence of the defense nor did it find any light about that matter in the testimony of the committing magistrate. It is not important that the trial judge did not give credit either to the witnesses of the petitioner, for, controverted as the presumption was, it was proper for the prosecuting attorney to prevail by the preponderance of his own evidence, to which no credit was given.

■ What has been said is sufficient to dismiss the order appealed from. But, also, the record reveals affirmatively that the committing magistrate determined probable cause *solely* on the ground of the testimony of the policeman who investigated the case, who, as accepted by everyone, did not have personal knowledge of one of the elements of the offense

magistrate without a previous warrant of arrest, was incorrectly marked, when the blank which should have been marked was the one immediately before indicating that he appeared through summons by the police officer who performed the investigation of the case.

charged, the driving of the vehicle. Let us hear the committing magistrate himself:

PROSECUTING ATTORNEY:

"Q. How were the proceedings developed that day?

A. Well, when they introduced this person accused of violating Act No. 141, driving in a state of intoxication, to gain time I immediately wrote one of the names which appears in the part of the complaint, Francisco Pabón, and he effectively told me that he did not have knowledge of the facts, but policeman Soto, who made the arrest or who brought him to me, testified in answer to my questions, that in effect the defendant smelled strongly of liquor, he could not stand and was talking incoherently. And this judge, knowing that the police has experience with drunkards, since that was what induced him to determine probable cause and thus he determined, although there does not appear in the information the names of the persons who were investigated.

Q. Was this the witness you heard?

A. *Correct. To whom I gave entire credit and on the grounds thereof it was that I determined probable cause.*

That is all, your Honor.

JUDGE:

Defense.

MR. WILLIAMS:

There are no questions for your Honor." Tr. Ev. pp. 10–11. (Italics ours.)

In an evident effort to strengthen the record and to support the determination of probable cause, the trial judge asked the committing magistrate directly whether the policeman had stated from personal knowledge whether petitioner was driving the vehicle, and the committing magistrate answered that he did not remember, for which reason he could not say it under oath:

JUDGE:

"Q. Did policeman Ángel R. Soto tell you from his own knowledge that Arsenio Martínez Cortés was the one who was driving?

646

A. That I do not remember, your Honor, or I do not know whether I asked another person to see whether or not in effect he was driving. *It seems to me so, but I could not say it under oath, because I do not remember it with certainty."* Tr. Ev. p. 12. (Italics ours.)

In conclusion, the record clearly indicates that in the determination of probable cause, the committing magistrate did not examine any witness with personal knowledge of the facts with respect to one of the essential elements of the offense charged, driving the vehicle. This omission is fatal, as it invalidates the determination of probable cause on account of not having complied with the requirements of law.

The order appealed from will be set aside and the dismissal of the information will be ordered.

Mr. Chief Justice did not participate herein.